## Richmond

### DREMA MAE BOOTH HARRY v. ROGER FISHER, ET AL.

January 16, 1976.

Record No. 740535.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Wade H. Ballard, III (H. N. Osborne,* on brief), for plaintiff in error.

*James L. Warren (Warren & Cornwell,* on brief), for defendants in error.

Per Curiam.

This appeal stems from an order denying a petition for a writ of habeas corpus ad subjiciendum, and is a controversy between a natural mother and adoptive parents over the custody of a child.

On November 30, 1971, Drema Mae Booth Harry, petitioner in the trial court, gave birth to a child in the Radford Hospital. Approximately three weeks before the birth, the mother executed a written agreement promising to "give" to Roger Fisher and Wanda Fisher, his wife, the respondents below, "a baby which I expect to have born to me within the next month." In consideration for this promise, the Fishers agreed to pay certain specified sums for Mrs. Harry's room and board prior to hospitalization and to pay all medical expenses connected with the birth of the child. Mrs. Harry, who

was 21 years of age at the time, further agreed that she and her husband would give their written consent to the Fishers for the adoption of the child ten days after its birth and that the child "will be delivered up at said time."

On December 10, 1971, Mrs. Harry and her husband executed the consent for adoption, *see* Code § 63.1-225, the Fishers having fulfilled their obligations under the agreement. On the next day, possession of the child was obtained by the Fishers, in whose custody it has since remained.

On February 1, 1972, Mrs. Harry, through her attorney, notified the Fishers that she would seek to regain custody of her child, stating that at the time the consent was executed she was "under much duress, strain and intimidation, both physically and mentally." Within a week thereafter, the Fishers instituted proceedings in the trial court for the adoption of the child. Code § 63.1-221 *et seq.* In May 1972, Mrs. Harry filed the instant petition.

We granted the natural mother a writ of error from the final order of the trial court denying the petition, which was entered on February 7, 1974, following an *ore tenus* hearing held in September 1973. Her sole contention before us is that the trial court's determination that she voluntarily consented to the adoption of the child by the Fishers was contrary to the law and the evidence. We do not agree and affirm.

In the final order, the trial court specifically found "that the consent agreement for the adoption of the infant child was freely and knowingly given by the petitioner, without fraud, duress or undue influence; that the respondents are proper and suitable people to have custody and charge of said child; that it is to the best interests of said child to remain with the respondents and be theirs by adoption; and, that petitioner, by her own evidence failed to establish that she was a proper person to have said child or that she could provide for and care for said child should the prayer of the petition be granted." These findings are fully supported by credible evidence.

Accordingly, the decision of this case is controlled by *Szemler* v. *Clements*, 214 Va. 639, 202 S.E.2d 880 (1974). In that case, we held that when execution of a valid consent for adoption, within the meaning of Code § 63.1-225, is proved, the natural parents, in a contest with the adoptive parents, will be denied custody of the child, provided the adoptive parents establish by a preponderance of the evidence that the child's best interests will be served if it remains in their

custody. 214 Va. at 644-45, 202 S.E.2d at 885. In this case, the requirements of *Szemler* have been fully met by the Fishers. Consequently, the evidence in support of this petition for a writ of habeas corpus fails to show probable cause to believe that the child "is detained without lawful authority." Code § 8-596(a).

For these reasons, the judgment of the trial court is

*Affirmed.*